1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                       EASTERN DISTRICT OF CALIFORNIA

9

10   RICARDO G. HERREJON, et al.,          CASE NO. CV F 13-1756 LJO MJS

11                     Plaintiff,          **ORDER TO DISMISS ACTION AND TO**
                                           **DENY INJUNCTIVE RELIEF AND**
12                                         **JUDGMENT**
                                           (Docs. 1,2.)
13
14          vs.

15

16   OCWEN LOAN SERVICING, LLC,
     et al.,
17
18                     Defendants.

19   _____/

20                             __INTRODUCTION__

21          On October 31, 2013, pro se plaintiffs Ricardo G. Herrejon and Rosa E. Navarro-

22   Herrejon (collectively "plaintiffs") filed this action to challenge foreclosure of their Bakersfield

23   property ("property") and to seek to enjoin a November 4, 2013 property foreclosure sale.

24   Plaintiffs' Verified Complaint ("complaint") accuses defendants[1] of "unlawful foreclosure."

25   This Court DISMISSES this action in the absence of viable claims, DENIES plaintiffs'

26   requested injunctive relief, and ENTERS judgment on dismissal of plaintiffs' claims.

27   _____

28          [1]       Defendants are Ocwen Loan Servicing, LLC ("Ocwen"), OneWest Bank, FSB ("OneWest"), and
     MTC Financial, Inc. and will be referred to collectively as "defendants."

                                             1

# DISCUSSION

## Sua Sponte Dismissal

The complaint purports to allege claims for federal statutory violations, unlawful foreclosure, fraud, equitable estoppel and accounting.  The complaint fails to allege cognizable claims.

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not assume the truth of legal

conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S.

3

1  __, 129 S.Ct. at 1949).

2       The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

3            First, the tenet that a court must accept as true all of the allegations contained in
4       a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
        a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
5       only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .
        Determining whether a complaint states a plausible claim for relief will . . . be a
6       context-specific task that requires the reviewing court to draw on its judicial experience
7       and common sense. . . . But where the well-pleaded facts do not permit the court to
        infer more than the mere possibility of misconduct, the complaint has alleged – but it
8       has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

9            In keeping with these principles a court considering a motion to dismiss can
10      choose to begin by identifying pleadings that, because they are no more than
        conclusions, are not entitled to the assumption of truth. While legal conclusions can
11      provide the framework of a complaint, they must be supported by factual allegations.
        When there are well-pleaded factual allegations, a court should assume their veracity
12      and then determine whether they plausibly give rise to an entitlement to relief.

13  *Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

14

15      As discussed below, the complaint is subject to dismissal in the absence of claims

16  supported by a cognizable legal theory or sufficient facts alleged under a cognizable legal

17  theory.

18                          **Failure To Satisfy F.R.Civ.P. 8**

19      The complaint is subject to global attack for failure to satisfy F.R.Civ.P. 8, which

20  requires a plaintiff to "plead a short and plain statement of the elements of his or her claim,

21  identifying the transaction or occurrence giving rise to the claim and the elements of the prima

22  facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

23      F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct."  This

24  requirement "applies to good claims as well as bad, and is the basis for dismissal independent

25  of Rule 12(b)(6)."  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled

26  a complaint but written more as a press release, prolix in evidentiary detail, yet without

27  simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to

28  perform the essential functions of a complaint."  *McHenry*, 84 F.3d at 1180.  "Prolix, confusing

4

complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.   A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting  *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).  The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The complaint fails to satisfy F.R.Civ.P. 8.  The complaint lacks facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend.  The complaint lacks cognizable claims or legal theories upon which to support defendants' liability and rests on overbroad conclusions that defendants are prohibited to foreclose on the property. The complaint makes passing conclusions without supporting facts as to "misrepresentations and deceptive omissions," "unjust enrichment," "unlawful foreclosure," and gross inaccuracies.

The complaint lumps defendants (and apparently others) together and fails to distinguish adequately claims and alleged wrongs among defendants.  A plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim

to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).   "Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently." *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (D. Wis. 1975).

The complaint lacks specific, clearly defined allegations of each defendant's alleged wrongs to give fair notice of claims plainly and succinctly to warrant dismissal of this action. Moreover, the complaint's claims are subject to defenses and are based on legally deficient theories to further warrant dismissal.

### Failure To Tender Indebtedness

Plaintiffs' failure to tender, and inability to tender, the amount owing on their loan dooms their global claims.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.*, 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)).   "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.*, 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997).   "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

. . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . .   The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.  (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).  The basic rule is that an offer of performance is of no effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851  (citing Cal. Civ. Code, § 1495).  Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v. Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies

7

although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117,  92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988).  The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the complaint nor record references plaintiffs' legitimate tender of indebtedness or meaningful ability to do so.  The complaint without legal or factual support attempts to excuse tender in that the tender rule "at most would apply post-foreclosure sale."  However, timing of the foreclosure is inapplicable to tender requirements.  *See Sipe*, 88 Cal.App.2d at 1006, 200 P.2d 61 (tender required to enjoin trustee sale); *see also Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15 ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender").

Plaintiffs' failure to indicate a legitimate tender of or ability to tender amounts outstanding is construed as their concession of inability to do so.  Without plaintiffs' meaningful tender, they seek empty remedies, not capable of being granted.  Plaintiffs point to nothing to avoid tender requirements, and failure to require a tender of plaintiffs' indebtedness

would provide them an unjustified windfall.  Without plaintiffs' meaningful, legitimate tender, their purported claims are doomed.

### Foreclosure Sale Presumption

Based on the record, foreclosure sale of the property is entitled to a presumption of validity to doom further plaintiffs' claims.

Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a power of sale clause.  "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000).  A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose.  *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any

9

person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

 "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777. "As a general rule, a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440-441, 129 Cal.Rptr.2d 436 (2003).   "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777 (citations omitted).   "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'"   *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258, 26 Cal.Rptr.3d 413 (2005) (quoting *Brown v. Busch,* 152 Cal.App.2d 200, 204, 313 P.2d 19 (1957)).   "This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity." *Melendrez*, 127 Cal.App.4th at 1258, 26 Cal.Rptr.3d 413.

To challenge foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266, 101 P.2d 101 (1940).

A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

The complaint lacks meaningful facts of a specific statutory irregularity or misconduct in foreclosure proceedings attributable specifically to defendants.   Plaintiffs' unsupported conclusory claims of absence of authority to foreclose offer nothing to substantiate a discrepancy in the foreclosure process.   Nothing in the record indicates that defendants

10

engaged in conduct to preclude foreclosure.  The complaint lacks allegations to overcome the presumption of foreclosure validity.   As such, the complaint's claims based on unlawful foreclosure are barred.

### Standing To Foreclose

#### Note Possession

In addition, foreclosure is not dependent on possession of plaintiffs' original note, as plaintiffs appear to suggest.

"Under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure. . . . Therefore, the absence of an original promissory note in a nonjudicial foreclosure does not render a foreclosure invalid." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009). "Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure." *Hafiz*, 652 F.Supp.2d at 1043 (citation omitted).

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)).   Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  "The trustee has the power and the duty to initiate foreclosure proceedings on the property upon the trustor's default, resulting in a sale of the property." *Hafiz*, 652 F.Supp.2d at 1043 (citation omitted).  An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

Plaintiffs' suggestions as to inability to foreclose are unavailing given the absence of need to produce their original note.   The clear authority is that production of original promissory notes is unnecessary to initiate foreclosure.

#### Authority To Assign Loan Documents

Plaintiffs' apparent challenges to defendants' authority to assign loan documents are

unavailing.   The California Court of Appeal has explained that prejudice is required for a wrongful foreclosure claim:

> We also note a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. . . . Even if MERS lacked authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS's purported assignment, and there is no allegation to this effect. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. . . . If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.

*Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272, 129 Cal.Rptr.3d 467 (2011); *see Knapp v. Doherty*, 123 Cal.App.4th 76, 86, n. 4, 20 Cal.Rptr.3d 1 (2004) ("A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption 'by pleading and proving an improper procedure and the resulting prejudice.'"); *Angell v. Superior Court,* 73 Cal.App.4th 691, 700, 86 Cal.Rptr.2d 657 (1999) (failure to comply with procedural requirements must cause prejudice to plaintiff).

Prejudice is not presumed from "mere irregularities" in the process.  *Meux v. Trezevant*, 132 Cal. 487, 490, 64 P. 848 (1901).

Plaintiffs' papers lack allegations supported by facts of requisite prejudice to plaintiffs in connection with foreclosure, especially given their inability to tender amounts owed on their loans or to cure their admitted default.   The record lacks a defect as to defendants to disrupt foreclosure.

### Federal Statutory Violations

The complaint appears to claim that defendants violated 15 U.S.C. § 45(a), which declares unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."  The complaint lacks facts to establish application of this statute to the property foreclosure, especially since the statute addresses antitrust and trade regulation.

The complaint further appears to accuse defendants of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., by their use of "false, deceptive, or misleading representations or means."

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1962a(6)(F).

"The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208; *see F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 172 (3rd Cir. 2007) ("an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of assignment").

The complaint fails to substantiate defendants' status as debt collectors given allegations that OneWest originated plaintiffs' loan and that Ocwen merely serviced plaintiffs' loan. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996); *Kloth v. Citibank (South Dakota), N.A.*, 33 F.Supp.2d 115, 1998 (D. Conn. 1998) ("Generally, the FDCPA does not apply to creditors."). The complaint lacks a valid FDCPA claim and facts that defendants engaged in conduct prohibited by the FDCPA, especially given that OneWest Bank, FSB is a creditor, not a debt collector.

Moreover, as a fellow district judge explained, "the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA":

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

13

1

2          . . . Foreclosure by the trustee is not the enforcement of the obligation because it
       is not an attempt to collect funds from the debtor.

3

4    *Hulse v. Ocwen Federal Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D. Or. 2002) (actions "in

5    pursuit of the actual foreclosure may not be challenged as FDCPA violations").

6          The complaint's limited meaningful allegations address foreclosure, not debt collection

7    activities subject to the FDCPA.  In the absence of facts of actionable debt collection, the

8    FDCPA claim is subject to dismissal.

9                                           **<u>Fraud</u>**

10         The complaint appears to accuse defendants of fraud in connection with application of

11   plaintiffs' payments.

12                                          *Elements*

13         Fraud elements for deceit are "(a) misrepresentation (false representation, concealment,

14   or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

15   reliance; (d) justifiable reliance; and (e) resulting damage."  *Engalla v. Permanente Medical*

16   *Group, Inc.*, 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843 (1997).

17         "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full,

18   factually and specifically, all of the elements of the cause of action."  *Conrad v. Bank of*

19   *America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996).  There must be a showing "that

20   the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon

21   the false representation" and "that the plaintiff actually and justifiably relied upon the

22   defendant's misrepresentation in acting to his detriment."  *Conrad*, 45 Cal.App.4th at 157, 53

23   Cal.Rptr.2d 336.  "The absence of any one of these required elements will preclude recovery."

24   *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355

25   (1986).

26                              *Particularity Pleading Standard*

27         F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances

     / / /

28   / / /

                                              14

constituting fraud."[2]   In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."  *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).  A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements.  *Vess*, 317 F.3d at 1107.[3]  A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim.  *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Civ.P 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)).  The Ninth Circuit has explained:

---

[2]   F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original))

[3]   "In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  *Vess*, 317 F.3d at 1103-1104.

Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .

In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *see Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity."); *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (1986) ("the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").

In a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

F.R.Civ.P. 9(b) "does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co*., 995 F.Supp. 1437, 1439 (M.D. Fla.1998)). In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum,

16

"identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989).  "To state a claim of fraudulent conduct, which carries substantial reputational costs, plaintiffs must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Cal.1988)).

The complaint fails to satisfy F.R.Civ.P. 9(b) particularity requirements.  The complaint lacks specific allegations of fraud attributed to specific defendants.  The complaint lacks facts to identify specific statements, who made statements, authority to make statements, and when statements were made to satisfy fraud elements and F.R.Civ.P. 9(b) requirements.  The complaint lumps multiple defendants and offers little clarity as to the description and source of misrepresentations.  The complaint lacks precise allegations to identify what defendants, through specifically identified and authorized agents or representatives, allegedly promised or represented to result in damage to plaintiffs.  Plaintiffs ignore that their default resulted in initiation of property foreclosure.

The complaint lacks facts of defendant's intent to defraud and plaintiffs' justified reliance on purported misrepresentations.  Nothing suggests that plaintiffs' reliance on a potential loan modification or postponement of foreclosure was justified, especially since they remained obligated to make payments.   The complaint lacks facts to support fraud elements let alone the who, what, when, where and how of alleged misconduct to satisfy the heightened federal pleading standard.  The complaint's incomplete allegations are insufficient to warrant dismissal of fraud-sounding claims against defendants.

### Unlawful Business Practices

The complaint appears to allege fraud-based claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, §§ 17200, et seq.

### *Standing*

The complaint fails to allege that plaintiffs suffered an injury cognizable under the UCL to establish her standing.

17

California Business and Professions Code section 17204 limits standing to bring a UCL claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition."  "This provision requires [plaintiff] to show that she has lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution, *see Birdsong v. Apple, Inc.*, 590 F.3d 955, 959–60 (9th Cir.2009), and also requires a 'causal connection' between [defendant's] alleged UCL violation and her injury in fact, *Hall v. Time Inc.*, 158 Cal.App.4th 847, 70 Cal.Rptr.3d 466, 471–72 (2008)."  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204-1205 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 1817 (2011).

Business and Professions Code section 17203 addresses UCL relief and provides in pertinent part:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.  (Bold added.)

"In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are 'generally limited to injunctive relief and restitution.'"  *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002) (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1999)).

The complaint lacks facts of plaintiffs' money or property allegedly lost in that they were obligated to pay their loan and faced foreclosure if they failed to meet their obligations. Foreclosure of the property fails to support a UCL claim in the absence of allegations of the plaintiffs' performance to avoid default.  The complaint lacks facts to support plaintiffs' standing to seek UCL relief to warrant dismissal of the UCL claim.

### Unlawful, Unfair Or Fraudulent Practice

A UCL claim is further subject to dismissal given the complaint's failure to allege a predicate violation of law to support a UCL claim.

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200).  The UCL

establishes three varieties of unfair competition – "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157, 97 Cal.Rptr.2d 722 (2000).  An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718 (citing *People v. McKale*, 25 Cal.3d 626, 631-632, 159 Cal.Rptr. 811, 602 P.2d 731 (1979)).  "A business practice is 'unlawful' if it is 'forbidden by law.'" *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169, 121 Cal.Rptr.2d 79 (2002) (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992)).

The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999).  The UCL "thus creates an independent action when a business practice violates some other law." *Walker*, 98 Cal.App.4th at 1169, 121 Cal.Rptr.2d 79.  According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins.*, 2 Cal.4th at 383, 6 Cal.Rptr.2d 487.

A fellow district court has explained the borrowing of a violation of law other than the UCL:

> To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted). Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either. *See, e.g., Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718, 113 Cal.Rptr.2d 399 (2001). Here, Plaintiff has predicated her "unlawful" business practices claim on her TILA claim. However, as discussed above, Plaintiff's attempt to state a claim under TILA has failed. Accordingly, Plaintiff has stated no "unlawful" UCL claim.

*Rubio v. Capital One Bank*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008), *affirmed in part, reversed in part*, 613 F.3d 1195 (2010).

Moreover, "a plaintiff may not bring an action under the unfair competition law if some

19

other statutory provision bars such an action or permits the underlying conduct." *Rothschild v. Tyco Internat. (US), Inc.,* 83 Cal.App.4th 488, 494, 99 Cal.Rptr.2d 721 (2000).

"Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone*, 20 Cal.4th 163,187, 83 Cal.Rptr.2d 548 (1999). A business practice is unfair when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 647, 58 Cal.Rptr.2d 89 (1996) (internal quotations and citations omitted). The "unfairness" prong of the UCL "does not give the courts a general license to review the fairness of contracts." *Samura v. Kaiser Found. Health Plan*, 17 Cal.App.4th 1284, 1299 & n. 6, 22 Cal.Rptr.2d 20 (1993).

The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of the public are likely to be deceived," *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167, 93 Cal.Rptr.2d 439 (2000); *Medical Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D. Cal. 2005). A UCL "plaintiff need not show that he or others were actually deceived or confused by the conduct or business practice in question." *Schnall*, 78 Cal.App.4th at 1167, 93 Cal.Rptr.2d 439.

"A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

The complaint lacks facts of an unlawful, unfair or fraudulent business practices to support a UCL claim, despite the complaint's unsupported claims of misrepresentations. As demonstrated throughout this order, the complaint's claims fail and thus cannot serve as a predicate violation for a UCL claim. The complaint lacks viable statutory or common law claims and lacks reasonable particularity of facts to support a UCL claim. The complaint lacks particularity of fraudulent circumstances for a UCL claim, especially given failure of fraud-sounding claims. The complaint's UCL claim fails with its other claims and is subject to

20

dismissal.

### Equitable Estoppel

The complaint attempts to allege an equitable estoppel claim given plaintiffs' reliance on alleged misrepresentations as to application of held monies.

"The elements of an equitable estoppel are 1) the party to be estopped must know the facts; 2) such party must intend that its conduct will be acted on, or must so act that the party asserting the estoppel had a right to believe that it was so intended; 3) the party asserting the estoppel must be ignorant of the true state of facts; and 4) the party asserting the estoppel must rely on the conduct to his injury." *Clarendon Nat. Ins. Co. v. Insurance Co. of the West*, 442 F.Supp.2d 914, 942 (E.D. Cal. 2006).

Similar to failure of the fraud claims, the complaint lacks facts to support equitable estoppel. The complaint appears to allege an equitable estoppel claim as an alternative to fraud but fails to support with facts equitable estoppel elements. There is no factual or legal basis for equitable estoppel. The complaint's estoppel claim is subject to dismissal.

### Accounting

The complaint appears to seek an accounting in connection with plaintiffs' loan.

An accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1, 14, 135 Cal.Rptr. 915 (1977). A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. *Civic Western*, 66 Cal.App.3d at 14, 135 Cal.Rptr. 915. An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain. *Civic Western*, 66 Cal.App.3d at 14, 135 Cal.Rptr. 915. Moreover, an accounting claim "need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Brea v. McGlashan*, 3 Cal.App.2d 454, 460, 39 P.2d 877 (1934).

"A right to an accounting is derivative; it must be based on other claims." *Janis v. California State Lottery Com.*, 68 Cal.App.4th 824, 833-834, 80 Cal.Rptr.2d 549 (1998). Moreover, as an equitable matter, an accounting frequently "presents a fiduciary relation between the parties in the nature of a trust which brings it especially within equitable remedies." *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6, 214 P.2d 407 (1950).

The complaint lacks facts to support an accounting, especially given dismissal of the complaint's other claims from which to derive an accounting.  There are no facts to support complicated accounts, and presumably plaintiffs have the ability to ascertain what they allegedly paid to defendants.  The complaint fails to invoke equity for an accounting, and the accounting claim is subject to dismissal.

## Attempt At Amendment And Malice

Since the complaint's claims are insufficiently pled and barred as a matter of law, plaintiffs are unable to cure claims by allegation of other facts and thus are not granted an attempt to amend.  Plaintiffs' papers raise dubious points which this Court need not address individually.  *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.")

Moreover, this Court surmises that plaintiffs brought this action in absence of good faith and seek to exploit the court system solely for delay or to vex defendants and property foreclosure.  The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action.

## Injunctive Relief

Plaintiffs seek to enjoin property foreclosure.

F.R.Civ.P. 65(b)(1)(A) permits a temporary restraining order ("TRO") "only if" "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365,

375 (2008).  To prevail, the moving party must show: (1) a likelihood of success on the merits;
(2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive
relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary
injunctive relief is in the public interest. *Winter*, 129 U.S. at 374.   In considering the four
factors, the Court "must balance the competing claims of injury and must consider the effect on
each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376
(quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr.
of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).   Preliminary injunctive
relief "is an extraordinary and drastic remedy, one that should not be granted unless the
movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520
U.S. 968, 972, 117 S.Ct. 1865 (1997) (citation omitted).

 Plaintiffs' papers lack necessary facts to show clearly the need for injunctive relief.

### Likelihood Of Success On Merits

 Pursuant to *Winter*, plaintiffs must make a "clear showing" that they are "likely to
succeed on the merits."  *Winter*, 129 S.Ct. at 375-376; *Stormans*, 571 F.3d at 978.   With
dismissal of his claims, plaintiffs are unable to show success on the merits.

#### *California Civil Code Section 2923.5*

 In their papers to request injunctive relief, plaintiffs appear to claim that defendants did
not comply with California Civil Code section 2923.5 ("section 2923.5").   However, plaintiffs
allege no meaningful section 2923.5 claim in their complaint.

 Section 2923.5(a)(1) prohibits a mortgage servicer, mortgagee, trustee, beneficiary or
authorized agent to "record a notice of default pursuant to Section 2924" until either "30 days
after initial contact is made as required by paragraph (2) or 30 days after satisfying the due
diligence requirements as described in subdivision (g)."   Section 2923.5(a)(2) requires a
"mortgage servicer" to "contact the borrower in person or by telephone in order to assess the
borrower's financial situation and explore options for the borrower to avoid foreclosure."
Section 2923.5(b) requires a default notice to include a declaration "that the mortgage servicer
has contacted the borrower" or "has tried with due diligence to contact the borrower as required

by this section."

Section 2923.5 offers no post-foreclosure relief. The California Court of Appeal has explained:

> There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale. We would merely note that under the plain language of section 2923.5, read in conjunction with section 2924g, the only remedy provided is a postponement of the sale before it happens.

*Mabry v. Superior Court,* 185 Cal.App.4th 208, 235, 110 Cal.Rptr.3d 201 (2010); *see also Knapp v. Doherty*, 123 Cal.App.4th 76, 94, 20 Cal.Rptr.3d 1 (2004): ("slight procedural irregularity in the service of the Sale Notice did not cause any injury to Borrowers. They had notice of the original sale date; the trustee's sale did not go forward until almost one year after the date noticed. There was no prejudicial procedural irregularity.")

Plaintiffs fail to substantiate application of section 2923.5. Section 2923.5 applies "only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units. For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." Cal. Civ. Code, § 2924.15(a).

Plaintiffs refer to the property only as their home. Public records indicate that the property is a quadruplex. Plaintiffs are silent whether the property is owner occupied. Such silence raises doubts that plaintiffs satisfy the owner-occupied requirement. In addition, plaintiffs offer nothing meaningful to challenge failure to satisfy section 2923.5 in that section 2923.5 "requires only contacts or attempted contacts in a good faith effort to prevent foreclosure." *Ortiz v. Accredited Home Lenders, Inc.*, 639 F.Supp.2d 1159, 1166 (S.D. Cal. 2009). Plaintiffs provide incomplete trustee's sale notices which raise doubts as to plaintiffs' claim of section 2923.5 non-compliance. Moreover, if the foreclosure sale has occurred, section 2923.5 provides plaintiffs no remedy.

Plaintiffs seek injunctive relief on further grounds that defendants are not entitled to foreclose on the property. This Court discussed above defendants' foreclosure authority and

presumption of its propriety.

Plaintiffs fail to demonstrate likelihood of success on the merits with dismissal of their claims.

## Irreparable Injury Absent Injunctive Relief

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test). "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009). "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original). However, "intangible injuries, such as damage to . . . goodwill qualify as irreparable harm." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc*., 944 F.2d 597, 603 (9th Cir. 1001).

Plaintiffs fail to establish that they are entitled to prevent property foreclosure, especially with no record of their ability to tender outstanding amounts owed. Under the circumstances, loss of the property is not irreparable injury. Delaying foreclosure could cause irreparable harm to defendants' interests.

## Balance Of Equities

The purpose of preliminary injunctive relief is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Plaintiffs fail to demonstrate that the balance of equities merits their requested injunctive relief. In fact, the balance of equities weighs in defendants' favor as the record suggests that plaintiffs may have unauthorized access to the property without payment of outstanding amounts owed and seek to delay foreclosure to extend their possession of the property. The equities further tip in defendants' favor given plaintiffs' delay to seek injunctive

relief by filing their papers during the late afternoon of Thursday, October 31, 2013 with a foreclosure sale set for the morning of Monday, November 4, 2013.

### Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 129 S. Ct. at 376-77 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).  "The public interest analysis for the issuance of a preliminary injunction requires [the Court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr., So. Cal. v. Maxwell-Jolly*, 572 F.3d 644, 659 (2009).

No meaningful public interest supports injunctive relief.  Granting injunctive relief would be a disservice to public interest by allowing plaintiffs to preclude foreclosure after their default and without legitimate tender of outstanding amounts owed.

### CONCLUSION AND ORDER

This Court is familiar with plaintiffs' purported claims which many prior defaulted borrowers have pursued unsuccessfully.  Neither plaintiffs nor the record  suggest a fair chance of success on the merits or irreparable harm given plaintiffs' default, inability to tender indebtedness and dismissal of claims.  This Court construes plaintiffs' injunctive relief request as an attempt to delay foreclosure proceedings.  Dismissal of this action removes doubt as to probable success of plaintiffs' claims or irreparable harm to them.

For the reasons discussed above, this Court:

1.      DISMISSES without prejudice this action;

2.      DENIES plaintiffs requested injunctive relief; and

3.      ENTERS this JUDGMENT against plaintiffs Ricardo G. Herrejon and Rosa E. Navarro-Herrejon and in favor of defendants; and

4.      DIRECTS the clerk to close this action.

/ / /

/ / /

/ / /

1    This JUDGMENT is subject to F.R.App.4(a)'s time limitations to file an appeal of this

2 JUDGMENT.

3

4 IT IS SO ORDERED.

5    Dated:   **November 1, 2013**          **/s/ Lawrence J. O'Neill**

6                                          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28